# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TARA CASEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ODWALLA, INC., and<br>THE COCA-COLA COMPANY,<br><br>Defendants. | Case No. 7:17-cv-2148<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff Tara Casey ("Plaintiff"), on behalf of herself and all other persons similarly situated, files this Class Action Complaint ("Complaint") against Defendants Odwalla, Inc., ("Odwalla") and the Coca-Cola Company ("Coca-Cola") (collectively "Defendants"), and alleges the following:

## NATURE OF THE ACTION

1. This is a proposed class action against Defendants for misleading consumers about the nature of the ingredients of Defendants' "100% Juice" juices ("Products") as compared to similar products. Defendant prominently label the Products with a "No Added Sugar" claim which does not comply with Food and Drug Administration ("FDA") regulations promulgated pursuant to the Food, Drug and Cosmetic Act of 1938 ("FDCA") regarding labeling nutrient content claims for sugar, regulations which are intended to stop the exact behavior in which Defendants are engaged.

2. FDA guidance provides that "the purpose of the 'no sugar added' claim is to present consumers with information that allows them to differentiate between similar foods that

would normally be expected to contain added sugars, with respect to the presence or absence of added sugars. Therefore, the 'no added sugar' claim is not appropriate to describe foods that do not normally contain added sugars."[1]

3. By labeling and advertising the Products as "No Added Sugar," Defendant creates the impression amongst reasonable consumers that the Products are of a superior quality and healthier than similar juices because the Products do not contain added sugar. In reality, similar juice products do not contain added sugar either.

4. Therefore, Defendants' labeling and advertising of the Products as "No Added Sugar" is deceptive and misleading to a reasonable consumer. Defendants engaged and continue to engage in a widespread, uniform marketing campaign using the product packaging and advertisements to mislead consumers about the nature of the ingredients in the Products. As a direct result of Defendants' deceptive statements concerning the nature of their Products, Plaintiff and Class Members paid a premium for Defendants' Products. Defendants have therefore violated New York common and statutory law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) ("CAFA") because (a) there are 100 or more Class Members, (b) at least one Class Member is a citizen of a state that is diverse from Defendants' citizenship, and (c) the matter in controversy exceeds $5 million, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendants because Defendants do business in and throughout the State of New York through the promotion, sale, marketing, and distribution of its products, and the wrongful acts alleged in this Complaint were committed in New York.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this

---

[1] 58 Fed. Reg. 2302, 2327 (Jan. 6 1993).

District, and 28 U.S.C. § 1391(d), because the transactions giving rise to the claims occurred in Dutchess, New York.

## PARTIES

8. Plaintiff Tara Casey is a resident of Poughkeepsie, New York and a citizen of the state of New York. Plaintiff regularly purchased and consumed Odwalla "100% Juice" juices, including Groovin' Greens 100% Juice and Berry Greens 100% Juice. Plaintiff is a health conscious consumer and she relied on Defendants' misleading statements that the product contained "No Added Sugar." Plaintiff would not have purchased Odwalla Products had Defendants not misrepresented the contents and nature of their Products.

9. Defendant Odwalla, Inc. ("Odwalla") is a subsidiary of the Coca-Cola Company. Odwalla is a California corporation, organized and existing under the laws of the State of California. Odwalla manufactures, markets, and sells its juice products nationwide.

10. Defendant The Coca-Cola Company is a Delaware corporation, and is organized and existing under the laws of the State of Delaware. The Coca-Cola Company is the parent corporation of Odwalla, Inc., and maintains its principal place of business in Georgia.

## FACTUAL ALLEGATIONS

**Food And Drug Administration Regulation Addressing "No Added Sugar" Labeling**

11. Nutrition-related health claims on products cause consumers to believe that those products are healthier than other products and to be more willing to purchase product with such claims.[2] Notably, "labels can strongly impact consumer behavior."[3] Consumers, including Plaintiff and the Class members, frequently rely on label representations and information in

---

[2] *See* Karen N. Peart, *Parents Often Misled by Health Claims on Children's Cereal Packages*, Yale News (Aug. 10, 2011), http://news.yale.edu/2011/08/10/parents-often-misled-health-claims-childrens-cereal-packages (last visited March 21, 2017).

[3] Linda Casey, *Packaging's Role in Deterring Junk Food Consumption*, PACKAGING DIGEST (Apr. 11, 2011).

making purchase decisions.

12. "Global sales of healthy food products, in fact, are estimated to reach $1 trillion by 2017 . . . ."[4] Given American consumers preferences for healthy foods, labels matter. In a recent Nielsen survey, "88% of those polled are willing to pay more for healthier foods."[5]

13. Notably, consumer health decisions include reducing sugar intake. "[S]ugar is once again public enemy No. 1."[6] "This 'war on sugar' has grown in scope over the last few years beyond just sodas and candy to packaged foods like cereal and pasta sauce."[7] In one recent survey, 70% of respondents that they believe consumers eat too much sugar, and 52% agreement with the statement that 'sugar is as bad for health as trans fat, saturated fat or cholesterol.'"[8]

14. Given the influence of such claims, if a manufacturer is going to make a claim on a food label, the label must meet certain legal requirements that help consumers make informed choices and ensure that they are not misleading. Accordingly, the FDA regulates what food manufactures can claim on a food label regarding a product's sugar content.

15. Under the FDCA, the FDA does not allow a product to be labeled as "No Added

---

[4] Nancy Gagliardi, *Consumers Want Healthy Foods—And Will Pay More For Them*, FORBES (Feb. 18, 2015), https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-foods-and-will-pay-more-for-them/#3634568a75c5 (last visited March 21, 2017).

[5] *Id.*

[6] Michal Christine Escobar, *Consumers Want more and Less*, STOREBRANDS (Aug. 1, 2015), http://www.storebrands.com/store-brand-insights/special-features/consumers-want-more-and-less?nopaging=1 (last visited March 21, 2017).

[7] *Americans Say They Are Trying To Cut Sugar Intake: Poll*, CNBC, (Feb. 2 2016), http://www.cnbc.com/2016/02/02/americans-say-they-are-trying-to-cut-sugar-intake-poll.html (last visited March 21, 2017).

[8] Michal Christine Escobar, *Consumers Want more and Less*, STOREBRANDS (Aug. 1, 2015), http://www.storebrands.com/store-brand-insights/special-features/consumers-want-more-and-less?nopaging=1 (last visited March 21, 2017).

Sugar" unless the following criteria are met. 21 C.F.R. § 101.60(c)(2) provides:

> The terms "no added sugar," "without added sugar," or "no sugar added" may be used only if:
>
> (i) No amount of sugars, as defined in 101.9(c)(6)(ii) or any other ingredient that contains sugars that functionally substitute for added sugar is added during processing or packaging; and
> (ii) The product does not contain an ingredient containing added sugars such as jam, jelly, or concentrated fruit juice; and
> (iii) The sugars content has not been increased above the amount present in the ingredients by some means such as the use of enzymes, except where the intended functional effect of the process is not to increase the sugars content of a food, and a functionally insignificant increase in sugars results; and
> (iv) The food that it resembles and for which it substitutes normally contained added sugars; and
> (v) The product bears a statement that the food is not "low calorie" or "calorie reduced" (unless the food meets the requirements for a "low" or "reduced calorie" food) and that directs consumers; attention to the nutrition panel for further information on sugar and calorie content.

**<u>Odwalla's "No Added Sugar" Labeling</u>**

16. Defendant Odwalla is a leading producer of over forty varieties of premium juices, smoothies, protein shakes and snack bars. Seeking to profit from consumer preferences for healthy food options, Defendants markets and prominently labels its Products with the label "No Added Sugar."

17. While this is technically true, "No Added Sugar" is misleading because it implies that other similar products do have added sugar and are therefore less healthy, and masks that fact that the Products already contain large amounts of sugar.

18. As shown below, the Products' labels prominently indicate that there is "No Added Sugar" in the Products:

5





19. Under 21 C.F.R. §101.60(c)(iv), Defendant's products do not resemble or substitute for a food that normally contains added sugar because fruit and vegetable juices do not normally contain added sugar. Accordingly, Defendants' labeling of "No Added Sugar" violates FDA regulations.

20. FDA's guidelines are intended to "present consumers with information that allows them to differentiate between similar foods that would normally be expected to contain added sugars, with respect to the presence or absence of added sugars."[9] Accordingly, Defendants' labeling is deceptive and misleading to consumers.

21. Due to Defendants' improper nutrient claims, Plaintiff purchased the Products and paid a premium for them.

22. Defendants' use of "No Added Sugar" reinforces the impression that the Products are healthier and of superior quality than other juice products. However, the purported difference between the Products and competitors' products is non-existent.

23. Reasonable consumers understand from the products' labels that the juice does not contain added sugar, and that similar juices products do in fact contain added sugar. Further, Plaintiff and Class Members may reasonably be expected to regard terms that represent that food contains "no added sugar" as indicating that a product is of a superior quality than competitor's products.

24. Claims that a product has "No Added Sugar" such as Defendants' are material to a reasonable consumer.

25. Defendants know that consumers seek out and are willing to pay more for healthier products with no sugar added.

26. Defendants know these representations are false, and their labeling and marketing representations are deceptive and misleading to reasonable consumers.

---

[9] 58 Fed. Reg. 2302, 2327 (Jan. 6 1993).

8

27. By deceiving consumers about the nature and quality of the Products, Defendants were able to induce consumers to purchase the Products, induce consumers to purchase more of the Products, induce consumers to pay a premium price for the Products, and Defendants are able to command a price premium for its products as a direct result of its deceptive labels which cause reasonable consumers to believe that the Products are healthy and superior to competitors' similar products.

28. Accordingly, Defendants have engaged in a widespread marketing campaign to mislead consumers about the nature and quality of the Products during the applicable statute of limitations period (the "Class Period") in violation of New York consumer protection statutes and the common law.

## **CLASS ALLEGATIONS**

29. Pursuant to Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and (b)(3), Plaintiff bring this proposed class action on behalf of a class of individuals in the state of New York, defined as follows:

> All individuals who purchased Odwalla juice labeled "No Added Sugar" on the label in the State of New York during the Class Period.

30. Excluded from the above Class are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives, assigns, and successors. Also excluded is the Judge to whom this case is assigned and any member of the Judge's immediate family.

31. Upon information and belief, the scope of these class definitions, including its temporal scope and any exclusions, may be further refined after discovery of Defendants' and/or third-party records.

32. The members of the Class are so numerous that their joinder is impracticable.

33. The rights of Plaintiff, and each Class Member, were violated in precisely the same manner by Defendants' misleading and deceptive labeling, marketing, and advertising.

34. There are questions of law and fact common to the Class as a whole. The common questions of law and fact predominate over any questions affecting only individual Members of the Class, and include, without limitation:

A. whether Defendants' labeling, advertising or marketing of the Products is false or misleading;

B. whether a reasonable consumer would understand and believe from Defendants' deceptive representations that the Products are of superior quality than competing products when they are not;

C. whether Defendants' products command a price premium caused by this deception;

D. whether by misconduct set forth in this Complaint, Defendants have engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sales of the Products;

E. whether Defendants were unjustly enriched by the conduct alleged herein;

F. whether, as a result of Defendants' misconduct as alleged herein, Plaintiff and the other Class Members are entitled to restitution or injunctive relief.

35. Plaintiff's claims are typical of the claims of the Class Members because Plaintiff, like all Class Members, is a victim of Defendants' wrongful actions, inaction, and omissions that caused the misleading and deceptive representations alleged herein and caused Plaintiff and the other Class Members to suffer economic damages and other injury and harm.

36. Plaintiff and her counsel will fairly and adequately represent the interests of the Class Members. Plaintiff has no interest antagonistic to, or in conflict with, the other Class Members' interests. Plaintiff's counsel is highly experienced in the prosecution of commercial class action litigation, including with respect to mislabeled food products.

37. A class action provides a fair and efficient method for adjudicating this controversy. The substantive claims of the representative Plaintiff and the Class Members are nearly identical and will require evidentiary proof of the same kind and application of the same law. There is no plain, speedy, or adequate remedy other than by maintenance of this class action.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because Class Members number in the thousands, and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class Members to prosecute their claims individually. Trial of Plaintiff's and the Class Members' claims is manageable. Unless the Class is certified, Defendants will remain free to continue to engage in the wrongful conduct alleged herein without consequence.

39. Certification of the Class, therefore, is appropriate under FED. R. CIV. P. 23(b)(3), because the above common questions of law or fact predominate over any questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40. Certification of the Class also is appropriate under FED. R. CIV. P. 23(b)(2), because Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or equitable relief with respect to the Class as a whole.

41. Certification of the Class also is appropriate under FED. R. CIV. P. 23(b)(1), because the prosecution of separate actions by individual Class Members would create a risk of establishing incompatible standards of conduct for Defendants.

42. Defendants' wrongful actions, inaction, and omissions are generally applicable to the Class as a whole and, therefore, Plaintiff also seek equitable remedies for the Class.

43. Defendants' systemic policies and practices also make injunctive relief for the Class appropriate.

44. Absent a class action, Defendants will retain the benefits of its wrongdoing despite its serious violations of the law and infliction of economic damages, injury, and harm on Plaintiff and the Class Members.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violation of New York General Business Law § 349)**

45. Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

46. Defendants engaged in false and misleading marketing concerning the nature of the Products, representing that the Products contained "No Added Sugar." Such a designation improperly characterizes the nature of the Products, and is inappropriate to describe foods not normally containing sugar in accordance with FDA nutrient content claims regulations.

47. The FDA regulations clearly require that nutrient content claim be presented in a qualified in a manner to protect consumers from being deceived.

48. Defendants' labeling created the impression amongst reasonable consumers that the Products are of superior quality than similar competitive juices.

49. By improperly labeling its Products with "No Added Sugar," Defendants have knowingly and intentionally misrepresented material facts regarding the Products.

50. As a direct result of this deception, Plaintiff and Class Members purchased the Products, and paid a premium for the Products.

51. As alleged above, by advertising, marketing, distributing, or selling the Products to Plaintiff and the other members of the Class, Defendants engaged in, and continues to engage in, deceptive acts and practices.

52. Plaintiff and Class Members seek to enjoin such unlawful deceptive acts and practices as described above. Each of the Class members will be irreparably harmed unless Defendants' unlawful actions are enjoined, in that Defendants will continue to falsely and misleadingly advertise the nature of the Products. Therefore, Plaintiff and the Class Members

seek an order directing appropriate disclosures or disclaimers on the labeling and in advertising, marketing, and promotion of the Products.

53. Absent injunctive relief, Defendants will continue to manufacture and sell the Products with the misleading and deceptive claims and omissions described above to the detriment of consumers.

54. In this respect, Defendants have violated and continues to violate, N.Y. Gen. Bus. Law ("GBL") § 349, which makes deceptive acts and practices unlawful. As a direct and proximate result of Defendants' violation of GBL § 349, as described above, Plaintiff and the Class Members have suffered damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Violation of New York General Business Law § 350)**

55. Plaintiff repeats the allegations contained in the above paragraphs as if fully set forth herein.

56. Defendants have engaged in false advertising concerning the Products and has, representing that the Products contained "No Added Sugar." Such a designation improperly characterizes the nature of the Products, and is inappropriate to describe foods not normally containing sugar in accordance with FDA nutrient content claim regulations.

57. Defendants' labeling created the impression amongst reasonable consumers that the Products are of superior quality than similar competitive juices.

58. GBL § 350-a defines "false advertising" as "advertising, including labeling, of a commodity, or of the kind, character, terms, or conditions of any employment opportunity if such advertising is misleading in a material respect."

59. As fully alleged above, by advertising, marketing, distribution, labeling, and selling the Products to Plaintiff Class Members as described above, Defendants have engaged in, and continues to engage in, false advertising.

60. Plaintiff and the Class Members further seek to enjoin such unlawful deceptive acts and practices as described above. Each of the Class Members will be irreparably harmed

unless Defendants' unlawful actions are enjoined, in that Defendants will continue to falsely advertise the nature of the Products, as described above.

61. Therefore, Plaintiff and the Class seek an order directing appropriate disclosures or disclaimers on the labeling or advertising of the Products.

62. Absent injunctive relief, Defendants will continue to falsely advertise the Products as described above to the detriment of consumers.

63. In this respect, Defendants have violated and continues to violate GBL § 350, which makes false advertising unlawful. As a direct and proximate result of Defendants' violation of GBL § 350 as described above, Plaintiff and the Class Members have suffered damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

64. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

65. Plaintiff conferred a benefit on Defendants by purchasing the Products.

66. As set forth above, Defendants engaged in fraudulent conduct that misrepresented that the Products had no added sugar, a designation that is inappropriate to identify foods normally free from added sugar. By using the designation "No Added Sugar," Defendants' created the impression to Plaintiff and Class Members that the Products are of superior quality than similar juice products.

67. As a result of Defendants' deceptive, fraudulent, and misleading labeling, advertising, marketing, and sales of their Products, Defendants were enriched, at the expense of Plaintiff and the Class members, through the payment of the purchase price for Defendants' Products.

68. Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiff and the Class members in light of the fact that the Products purchased by Plaintiff and the Class Members were

14

not what Defendants purported them to be. Thus, it would be unjust or inequitable for Defendants to retain the benefit without restitution to Plaintiff and the Class Members for the monies paid to Defendants for the Products.

69. THEREFORE, Plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Defendants as follows:

    A.    For an order certifying the under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class Representatives and their attorneys as Class Counsel to represent the Class and Sub-Class members;

    B.    For an order declaring that Defendants' conduct violates the statutes and common law referenced herein;

    C.    For an order finding in favor of the Plaintiff, the Class on all counts asserted herein;

    D.    For an order awarding compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

    E.    For prejudgment interest on all amounts awarded;

    F.    For an order of restitution and all other forms of equitable monetary relief;

    G.    For declaratory and injunctive relief as pleaded or as the Court may deem proper; and

    H.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: March 24, 2017         **FINKELSTEIN, BLANKINSHIP,**
                                                       **FREI-PEARSON & GARBER, LLP**

By:   /s/ *Todd Garber*

Todd S. Garber
*tgarber@fbfglaw.com*
D. Greg Blankinship
*gblankinship@fbfglaw.com*
445 Hamilton Ave, Suite 605
White Plains, New York 10601
Tel: (914) 298-3283
Fax: (914) 824-1561